Michael Zoldan; AZ Bar No. 028128
Jason Barrat; AZ Bar No. 029086
**ZOLDAN LAW GROUP, PLLC**
8100 E. Indian School Road
Suite 103
Scottsdale, AZ 85251
Tel & Fax: 480.442.3410
mzoldan@zoldangroup.com
jbarrat@zoldangroup.com

Attorneys for Plaintiff
Mary Kathryn Kennedy

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| **Mary Kathryn Kennedy**, an Arizona resident,<br><br>Plaintiff,<br><br>v.<br><br>**Facilitec, Inc.,** an Arizona Corporation; **Edward Cain,** an Arizona resident, and **Robin Cain,** an Arizona resident,<br><br>Defendants. | Case No.<br><br>**VERIFIED COMPLAINT**<br><br>**(Jury Trial Requested)** |

Plaintiff Mary Kathryn Kennedy, for her Verified Complaint against Defendants, hereby alleges as follows:

## NATURE OF THE CASE

1. Plaintiff brings this action against Defendants for their unlawful failure to pay overtime and minimum wage in violation of the Fair Labor Standards Act, 29 U.S.C. §§ 201-219 (hereinafter "**FLSA**"); A.R.S. §§ 23-362 - 23-364 ("**Arizona Minimum Wage Statute**"); and failure to make timely and reasonable payment of wages under the Arizona Wage Statute, A.R.S. §§ 23-351, 23-353, and 23-355 ("**Arizona Wage**

**Statute**").

2. This action is brought to recover unpaid overtime wage compensation, liquidated damages and statutory penalties resulting from Defendants' violations of the FLSA.

3. This action is also brought to recover minimum wage compensation, liquidated damages and statutory penalties resulting from Defendants' violations of the FLSA and Arizona Minimum Wage Statute.

4. This action is also brought to recover unpaid wages, unpaid wages, treble damages, and statutory penalties resulting from Defendants' violations of the Arizona Wage Statute.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over the subject matter and the parties hereto pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

6. Plaintiff's state law claims are sufficiently related to her federal claims that they form the same case or controversy. This Court therefore has supplemental jurisdiction over Plaintiff's claims under the Arizona Minimum Wage Statute and Arizona Wage Statute pursuant to 28 U.S.C. § 1367.

7. Venue is proper in this District under 28 U.S.C. §§ 1391(b) and (c) because all or a substantial part of the acts or omissions giving rise to the claims occurred in the state of Arizona within this District. Plaintiff was employed by Defendants in this District.

## PARTIES

8. At all times relevant to the matters alleged herein, Plaintiff Mary Kathryn

Kennedy was a resident of Arizona.

9. Plaintiff was a full-time, non-exempt employee of Defendants from in or around January 27, 2015 until on or about January 4, 2016.

10. At all relevant times, Plaintiff was an employee of Defendants as defined in 29 U.S.C. § 203(e)(1) and was a non-exempt employee under 29 C.R.F. § 213(a)(1).

11. At all relevant times, Plaintiff was an employee of Defendants under the Arizona Minimum Wage Statute and Arizona Wage Statute.

12. Defendant Facilitec, Inc., is an Arizona Corporation, authorized to conduct business in Arizona, and was Plaintiff's employer as defined by 29 U.S.C. § 203(d) and the Arizona Minimum Wage Statute and Arizona Wage Statute.

13. Defendant Edward Cain is an Arizona resident. He has directly caused events to take place giving rise to this action. Edward Cain is an owner of Defendant Facilitec, Inc.

14. Defendant Robin Cain is an Arizona resident. She has directly caused events to take place giving rise to this action. Robin Cain is an owner of Defendant Facilitec, Inc.

15. Under the FLSA, Defendants Edward Cain and Robin Cain are employers. The FLSA defines "employer" as any individual who acts directly or indirectly in the interest of an employer in relation to an employee. Defendants Edward Cain and Robin Cain are the owners of Facilitec, Inc. As persons who acted in the interest of Facilitec, Inc. in relation to the company's employees, Edward Cain and Robin Cain are subject to individual and personal liability under the FLSA and the Arizona Minimum Wage Statute and Arizona Wage Statute.

16. Plaintiff is further informed, believes, and thereon alleges that each of the Defendants herein gave consent to, ratified, and authorized the acts of all other Defendants, as alleged herein.

17. Defendants, and each of them, are sued in both their individual and corporate capacities.

18. Defendants are jointly and severally liable for the injuries and damages sustained by Plaintiff.

19. At all relevant times, Defendants have been engaged in interstate commerce and have been an enterprise whose gross annual volume of sales made or business done is greater than $500,000.

## FACTUAL ALLEGATIONS

20. Defendant Facilitec, Inc. is an office workspace design and installation company that provides its clients with office workspace solutions.

21. In or around January 2015, Plaintiff commenced employment with Defendants under the assumed title of "sales associate/project manager." Despite her title as a sales associate/project manager, Plaintiff's job duties and responsibilities were mostly clerical, such as, assisting in the creation of proposals or quotes for clients, researching products, contacting vendors in connection with quotes for goods, working with internal and external designers, coordinating with customers, tracking orders, customer service, and generally assisting in project management.

22. Throughout her entire term of employment, despite working on a consistent and full-time basis, Plaintiff never received any compensation from Defendants for the work she performed.

23. In addition to not being compensated at all for the work she performed on Defendants behalf, Plaintiff also worked in excess of forty hours during almost every single work week in which she was employed by Defendants without being compensated at one-and-one-half times her regular rate of pay for such time worked.

24. Plaintiff worked approximately one to twenty hours of overtime in every week of her employment with Defendants and was not paid the required time and a half as mandated by the FLSA.

25. At all relevant time during Plaintiff's employment, Defendants failed to properly compensate Plaintiff minimum wage under both the FLSA and the Arizona Minimum Wage Statute.

26. At all relevant time during Plaintiff's employment, Defendants did not pay Plaintiff any compensation at all in exchange for the work she performed for the benefit of Defendants.

27. Defendants were aware that Plaintiff's working hours routinely exceeded 40 hours in a given workweek, and required her to work overtime as a condition of her employment.

28. Defendants refused and/or failed to properly disclose or apprise Plaintiff of her rights under the FLSA and the Arizona Minimum Wage Statute and Arizona Wage Statute.

29. Defendants willfully failed and/or refused to compensate Plaintiff at the rates and amounts required by the FLSA and the Arizona Minimum Wage Statute and Arizona Wage Statute.

30. Defendants received the benefit of Plaintiff's work without providing her

any compensation, much less reasonable compensation, for her efforts.

31. Defendants routinely compensated Plaintiff's peers (who performed the same or similar job duties as she did) a wage of approximately $20.00 per hour, but refused to pay Plaintiff any wages whatsoever in exchange for the work she performed.

## COUNT I
## (FAILURE TO PAY MINIMUM WAGE – FLSA – 29 U.S.C. § 206)

32. Plaintiff incorporates by reference all of the above allegations as though fully set forth herein.

33. At all relevant times, Plaintiff was employed by Defendants within the meaning of the FLSA.

34. Plaintiff was an employee entitled to the statutorily mandated minimum wage.

35. Defendants have intentionally failed and/or refused to pay Plaintiff minimum wage according to the provisions of the FLSA.

36. As a direct result of Defendants' violations of the FLSA, Plaintiff has suffered damages by not receiving any compensation in accordance with 29 U.S.C.§ 206.

37. In addition to the amount of unpaid minimum wage owed to Plaintiff, she is entitled to recover an additional equal amount as liquidated damages pursuant to 29 U.S.C. § 216(b).

38. Defendants' actions in failing to compensate Plaintiff, in violation of the FLSA, were willful. Defendants knew Plaintiff was not being compensated anything for time worked and failed to pay proper minimum wages. Defendants knew their failure to pay minimum wage was a violation of the FLSA.

39. Defendants have not made a good faith effort to comply with the FLSA.

40. Plaintiff is also entitled to an award of attorneys' fees and other statutory damages pursuant to 29 U.S.C. § 216(b).

## COUNT II
## (FAILURE TO PAY OVERTIME WAGES – FLSA – 29 U.S.C. § 207)

41. Plaintiff incorporates by reference all of the above allegations as though fully set forth herein.

42. At all relevant times, Plaintiff was employed by Defendants within the meaning of the FLSA.

43. Plaintiff was a non-exempt employee entitled to the statutorily mandated overtime wage.

44. Defendants have intentionally failed and/or refused to pay Plaintiff overtime according to the provisions of the FLSA.

45. As a direct result of Defendants' violations of the FLSA, Plaintiff has suffered damages by not receiving compensation in accordance with 29 U.S.C.§ 207.

46. Under 29 U.S.C. § 216 Defendants are liable to Plaintiff for an amount equal to one and one-half times their regular pay rate for each hour of overtime worked per week.

47. In addition to the amount of unpaid wages owed to Plaintiff, she is entitled to recover an additional equal amount as liquidated damages pursuant to 29 U.S.C. § 216(b).

48. Defendants' actions in failing to compensate Plaintiff, in violation of the FLSA, were willful. Defendants knew Plaintiff was working overtime but failed to pay proper overtime wages. Defendants knew their failure to pay overtime was a violation of the FLSA.

49. Defendants have not made a good faith effort to comply with the FLSA.

50. Plaintiff is also entitled to an award of attorneys' fees pursuant to 29 U.S.C. § 216(b).

## COUNT III
## (FAILURE TO PAY MINIMUM WAGE – ARIZONA MINIMUM WAGE STATUTE)

51. Plaintiff incorporates by reference all of the above allegations as though fully set forth herein

52. At all relevant times, Plaintiff was employed by Defendants within the meaning of the Arizona Minimum Wage Statute.

53. Defendants intentionally failed and/or refused to pay Plaintiff minimum wage according to the provisions of the Arizona Minimum Wage Statute.

54. In addition to the amount of unpaid minimum wage owed to Plaintiff, she is entitled to recover an additional amount equal to twice the underpaid wages and interest pursuant to A.R.S. § 23-364(g).

55. Plaintiff is also entitled to an award of attorneys' fees and costs pursuant to A.R.S. § 23-364(g).

## COUNT IV
## (FAILURE TO TIMELY PAY WAGES DUE – ARIZONA WAGE STATUTE)

56. Plaintiff incorporates by reference all of the above allegations as though fully set forth herein.

57. At all relevant times, Plaintiff was employed by Defendants within the meaning of the Arizona Wage Statute.

58. Defendant's failure to pay Plaintiff wages for the work she performed is a violation of the Arizona Wage Statute.

59. Defendants have no good faith basis for their failure to pay Plaintiff's wages, and are therefore liable to her for up to three times the amount of wages owed under the Arizona Wage Statute.

60. As a result of Defendants' failure to pay Plaintiff the wages in which she reasonably expected, Plaintiff has suffered principal damages in an amount to be proven at trial.

## **CONCLUSION AND PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays:

A. For the Court to declare and find that the Defendants committed one or more of the following acts:

   i. violated overtime provisions of the FLSA, 29 U.S.C. § 207, by failing to pay overtime wages;

   ii. willfully violated overtime provisions of the FLSA, 29 U.S.C. § 207;

   iii. violated minimum wage provisions of the FLSA, 29 U.S.C. § 206, by failing to pay minimum wages;

   iv. violated minimum wage provisions of the Arizona Minimum Wage Statute, by failing to pay minimum wages;

   v. willfully violated the Arizona Wage Statute by failing to pay all wages due to Plaintiff;

B. For the Court to award compensatory damages, including liquidated damages pursuant to 29 U.S.C. § 216(b) and/or treble damages pursuant to the Arizona Minimum Wage Statute and Arizona Wage Statute, in an amount to be determined at trial;

C. For the Court to award an additional amount equal to twice the underpaid minimum wages and interest pursuant to A.R.S. § 23-364(g), in an amount to be determined at trial.

D. For the Court to award interest on all wage compensation due accruing from the date such amounts were due under all causes of action set forth herein;

E. For the Court to award such other monetary, injunctive, equitable, and declaratory relief as the Court deems just and proper;

F. For the Court to award Plaintiff's reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b), A.R.S. § 23-364(g), and A.R.S. § 12-341.01 and all other causes of action set forth herein;

G. Any other remedies or judgments deemed just and equitable by this Court.

## JURY DEMAND

Plaintiff hereby demands a trial by jury of all issues so triable.

RESPECTFULLY SUBMITTED February 5, 2016.

**ZOLDAN LAW GROUP, PLLC**

By: /s/ Jason Barrat
8100 E. Indian School Road
Suite 103
Scottsdale, AZ 85251
Attorneys for Plaintiff Mary Kathryn Kennedy

## VERIFICATION

Plaintiff Mary Kathryn Kennedy declares under penalty of perjury that she has read the foregoing Verified Complaint and is familiar with the contents thereof. The matters asserted therein are true and based on her personal knowledge, except as to those matters stated upon information and belief, and as to those matters, she believes them to be true.

*Mary Kathryn Kennedy*
Mary Kathryn Kennedy